## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**ARNOLDO AVITIA GAMBOA,**

     **Movant,**

**v.**                                    **Case No. 2:25-cv-00242**
                                            **Case No. 2:07-cr-00136-1**

**UNITED STATES OF AMERICA,**

     **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant's Motion to Set Aside/Correct Sentence, (ECF No. 61), filed pursuant to 28 U.S.C. § 2255 on April 14, 2025. This case is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 62).

### I.    Procedural Background

On February 21, 2008, Movant was sentenced to 46 months of incarceration, followed by a three-year term of supervised release after pleading guilty to illegally reentering the United States after having been removed subsequent to being convicted for committing a felony, in violation of 8 U.S.C. § 1326 (a) and (b)(1). (ECF No. 55). The following year, on October 15, 2009, Movant was also sentenced to life imprisonment after being convicted at trial of one count of conspiracy to distribute five kilograms or

1

more of cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy to launder money in violation of 21 U.S.C. § 956(h). *See* Cause No. 2:08-cr-00151-2.

This Court later granted Movant compassionate release for his 2009 convictions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), reducing his imprisonment term to 25 years but leaving Movant's sentenced supervised release term unchanged. (Cause No. 2:08-cv-00151-2, ECF No. 294). The Court's Order did not specify whether Movant's amended term was to be served concurrently or consecutively to the sentence imposed in Cause No. 2:07-cr-00136-1.

On April 14, 2025, Movant filed the instant §2255 motion in Cause No. 2:07-cr-00136-1, arguing that his 25-year sentence in Cause No. 2:08-cr-00151-2 should have been imposed concurrently. (ECF No. 61). On October 29, 2025, the Government responded in opposition, contending that the statute of limitations had elapsed at the time of Movant's motion, and as such, said motion should be denied as untimely. (ECF No. 65). On October 30, 2025, the Court ordered Movant to file a reply to the Government's response. (ECF No. 66). Movant filed such a reply on November 7, 2025. (ECF No. 67).

## II.    **Standard of Review**

A motion filed pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed by a federal court. Relief under § 2255 is available only when the sentence was imposed in violation of the Constitution or laws of the United States, the sentencing court lacked jurisdiction, the sentence exceeded the statutory maximum, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The burden rests with the movant to establish entitlement to relief by a preponderance of the evidence. *See Sutton v. United States of America*, No. 2:02-cr-00065, 2006 WL 36859,

at *2 (E.D. Va. Jan. 4, 2006); *see also Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (internal citations omitted).

Section 2255 relief is reserved for extraordinary circumstances and is not intended to serve as a substitute for ordinary appellate review. *See United States v. Addonizio*, 442 U.S. 178, 184–85 (1979). Accordingly, the scope of review under § 2255 is significantly narrower than that on direct appeal, and relief is available only for fundamental defects that inherently result in a complete miscarriage of justice or present exceptional circumstances warranting collateral relief. *See Hill v. United States*, 368 U.S. 424, 428-30 (1962); *see also United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999).

Consistent with the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must conduct a preliminary review of the motion. *See* Rule 4. If the motion is not subject to summary dismissal, the Court may order the respondent to file an answer and may authorize discovery or expansion of the record as necessary to properly assess the validity of the claims. *See* Rules 5, 6, & 7. Once the pleadings are complete, the Court must review the motion, the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing is warranted. *See* Rule 8(a). An evidentiary hearing is not required where the motion, files, and records of the case conclusively show that the movant is not entitled to relief. 28 U.S.C. § 2255(b).

III. **Analysis**

As noted, the Government contends that Movant's motion should be denied as untimely. The undersigned agrees.

The United States Court of Appeals for the Fourth Circuit has made clear that "[p]etitions for collateral relief filed pursuant to 28 U.S.C. § 2255 are subject to a one-year

statute of limitations governed by § 2255(f)." *Whiteside v. United States*, 775 F.3d 180, 182 (4th Cir. 2014).

> The statute provides that the one-year clock is triggered by one of four conditions, whichever occurs latest:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at 182–83 (citing 28 U.S.C. § 2255(f)(1)-(4)).

Here, Movant was sentenced in the criminal case corresponding to the instant motion on or about February 21, 2008. (ECF No. 54). The Judgment Order was entered that same date and was never appealed. (ECF No. 55). Thus, the applicable Judgment became final on March 6, 2008 - 14 days after the entry of the Judgment - since Movant did not file a notice of appeal therefrom. See Fed. R. App. P. 4(b)(1)A); *United States v. Torres*, 211 F.3d 836, 838 (4th Cir. 2001); *United States v. Simpson*, 407 F. App'x 716, 716-17 (4th Cir. 2011). Based on these calculations, pursuant to 28 U.S.C. § 2255(f)(1), Movant had until March 6, 2009, to file a timely § 2255 motion concerning his Judgment, which he failed to do. Accordingly, Movant's § 2255 motion challenging the Judgment, filed on April 14, 2025, was clearly untimely filed under § 2255(f)(1).

Moreover, Movant has not offered any basis for an alternative running of the one-year statute of limitations under the other sections of § 2255(f) or to equitably toll the

limitation period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Whiteside*, 775 F.3d at 184; *Harris v. Hutchinson*, 209 F.3d 325, 329-330 (4th Cir. 2000). Our Court of Appeals has stated as follows regarding when equitable tolling should apply in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. This encompasses "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time. *Id.* (emphasis added).

Here, Movant claims only that his motion is not time barred because he "was not aware that [his] sentences were not being ran (sic) concurrently." (ECF No. 61, at 11). However, this assertion is insufficient to toll the statute of limitations or otherwise render Movant's § 2255 motion timely.

## IV.    **Proposal and Recommendations**

For the foregoing reasons, the undersigned respectfully proposes that the presiding District Judge **FIND** that Movant's criminal Judgment became final on or about March 6, 2008, when his time for filing a notice of appeal thereon expired. Therefore, Movant's time to file his section 2255 motion expired on or about March 6, 2009, and his present motion is untimely. The undersigned further proposes that the presiding District Judge **FIND** that Movant has identified no exceptional circumstances to justify equitable tolling of the limitation period.

Accordingly, the undersigned further respectfully **RECOMMENDS** that the presiding District Judge **DENY** Movant's Motion to Set Aside/Correct Sentence, (ECF

No. 61), filed pursuant to 28 U.S.C. § 2255, and that this action be **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Goodwin, and Magistrate Judge Reeder.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to counsel of record and any unrepresented party.

**FILED:  April 15, 2026**

Joseph K. Reeder
United States Magistrate Judge

6